## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                     No. CV 12-0347 JC/SMV
                                                 CR 99-0777 JC

GLENN E. DUGGINS,

      Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under 28 U.S.C. § 2254 R.1(b), 4, on Defendant's Petition for Writ of Habeas Corpus Ad Subjiciendum[1] (CV Doc. 1; CR Doc. 531). Because Defendant contends that his sentence is illegal, the clerk properly opened a civil case to accommodate possible construction of the petition as a motion under 28 U.S.C. § 2255.

The petition is Defendant's fourth attempt to obtain relief from his sentence. On November 28, 2001, this Court entered judgment (CR Doc. 332) on Defendant's criminal conviction for drug charges. Defendant did not appeal his conviction or sentence. On February 8, 2002, he filed a Motion to Vacate Sentence and Set Aside Plea of Guilty (CR Doc. 363; CV Doc. 1, cause No. CV 02-0153 JC/WWD), which the Court treated as a § 2255 motion and denied on December 17, 2002 (CR Doc. 409). On December 23, 2005, Defendant filed a Motion for Resentencing (CR Doc. 462) asserting that his sentence is unconstitutional. And on April 21, 2008, he filed a motion under 18 U.S.C. § 3582 for modification of his sentence (Doc. 486). The Court denied these motions (CR

---

[1] The writ of habeas corpus is used "most frequently to ensure that the person's imprisonment or detention is not illegal (*habeas corpus ad subjiciendum*)." *Black's Law Dictionary* 778 (9th ed. 2009) (italics in original).

Docs. 463, 501), and will now dismiss the instant petition.

Defendant alleges that the Court illegally imposed concurrent sentences on his conviction. This claim may be pursued only under 28 U.S.C. § 2255, which authorizes a Court to vacate a "sentence [that] was imposed in violation of the Constitution or laws." § 2255. The terms of § 2255 provide the exclusive avenue for attacking a federal criminal sentence, *see Baker v. Sheriff*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) ("[§ 2255] supplants habeas corpus"),[2] and Defendant's pro se characterization of his claims is not dispositive, *see Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992); *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) ("It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion.").

The Court rejects Defendant's implicit assertion that § 2255 is "inadequate or ineffective," *Williams*, 323 F.2d at 673, and that he should therefore be able to pursue relief in a habeas petition under § 2241. "[T]he fact that section 2255 is no longer available does not mean that the federal remedies available at one point were not adequate or effective, it merely means that [Defendant] did not pursue them in a timely manner." *Braun v. Gallegos*, 58 F. App'x 781, 783 (10th Cir. 2002) (citations omitted); *and see Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011) (holding that relevant inquiry is whether Defendant could have presented his claim in an initial § 2255 motion). Furthermore, because Defendant filed this petition long after § 2255's one-year limitation period, and he has previously filed a § 2255 motion, the Court will not recharacterize the petition as a § 2255 motion. *See United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005) (ruling

---

[2] A writ of habeas corpus may be sought if § 2255 is "inadequate or ineffective," *Williams*, 323 F.2d at 673 (10th Cir. 1963), and the writ of error coram nobis remains available to a defendant who is not in custody, *see United States v. Hernandez*, 94 F.3d 606, 613 n.5 (10th Cir. 1996).

that a district court does not abuse its discretion in declining to recast pleading as a § 2255 motion where relief "would, at least facially, 'be barred as untimely or as second or successive.' ") (quoting lower court).

And last, a petition under § 2241 must be filed in the district where the petitioner is confined. *See* 28 U.S.C. § 2241(a); *Tyler v. Kastner*, 442 F. App'x 413, 414 (10th Cir. 2011). Defendant is confined at F.C.I. La Tuna, which is located within the boundaries of the Western District of Texas. *See United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (per curiam); http://www.bop.gov/locations/institutions/lat/index.jsp. Under applicable law, Defendant may attack his sentence in this Court only in a § 2255 motion, *see* § 2255(a), and this Court may not adjudicate the merits of his habeas corpus petition. The Court will dismiss Defendant's petition for lack of jurisdiction. *See United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006); § 2254 R.1(b), 4.

IT IS THEREFORE ORDERED that Defendant's Petition for Writ of Habeas Corpus Ad Subjiciendum (CV Doc. 1; CR Doc. 531) is DISMISSED for lack of jurisdiction; and judgment will be entered.

UNITED STATES DISTRICT JUDGE